

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RONALD TUSKAN

                                                             PLAINTIFF

VERSUS                           CIVIL ACTION NO. 1:13CV356HSO-RHW

JACKSON COUNTY MISSISSIPPI;
MIKE BYRD, Individually and in his Official Capacity
as Sheriff of Jackson County, Mississippi;
HOPE THORNTON, Individually and in her Official
Capacity as Detective in the Jackson County Sheriff's Department;
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA;
and JOHN OR JANE DOES 1 - 10                           DEFENDANTS

## COMPLAINT

### [JURY TRIAL DEMANDED]

COMES NOW the Plaintiff, RONALD TUSKAN, by and through his attorney, J. ADAM MILLER, and would file this, his Complaint against the Defendants named herein, and in support thereof present the following to wit:

### I.

### PARTIES

1.     Plaintiff, RONALD TUSKAN, is an adult resident citizen of Jackson County, Mississippi.

2.     Defendant, JACKSON COUNTY, MISSISSIPPI, is a political subdivision within the State of Mississippi, with the ability to sue and be sued, and which at all times relevant hereto employed Defendants, Mike Byrd, Hope Thornton, and the as yet unidentified John or Jane Does 1-10. Defendant, Jackson County, Mississippi, may be served with process in the time and manner provided by law by and through service upon Terry Miller, in his official capacity as Chancery Clerk of Jackson County, Mississippi, at the offices of the Chancery Clerk, 3104

Magnolia Street, Pascagoula, Mississippi, and upon Mike Mangum, in his official capacity as President of the Board of Supervisors of Jackson County, Mississippi, at his address of 1723 Kenneth Avenue, Pascagoula, Mississippi.

3.      Defendant, MIKE BYRD, is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi.  At all pertinent and relevant times herein, the said Mike Byrd was employed as the Sheriff of Jackson County, Mississippi, and was granted and possessed the powers of supervision, training, and management over all detectives and deputies of the Jackson County Sheriff's Department at the time of and prior to the incidents complained of herein, and was acting and/or neglected to act in the course and scope of his employment and under color of state law.  Said Mike Byrd is made a defendant herein individually and in his official capacity as the Sheriff of Jackson County, Mississippi.  Defendant, Mike Byrd, may be served process of this Court in the time and manner provided by law at 3104 Magnolia Street, Pascagoula, Mississippi.

4.      Defendant, HOPE THORNTON, is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi.  At all pertinent and relevant times herein, the said Hope Thornton was employed as a Detective in the Sheriff's Department of Jackson County, Mississippi, and was acting and/or neglected to act in the course and scope of her employment and under color of state law.  Said Hope Thornton is made a defendant herein individually and in her official capacity as a Detective in the Sheriff's Department of Jackson County, Mississippi.  Defendant, Hope Thornton, may be served process of this Court in the time and manner provided by law at 3104 Magnolia Street, Pascagoula, Mississippi.

5.      Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a surety corporation registered to do business in Connecticut may be served with

process in the time and manner required by law by service upon its agent for service of process, Charles A. Brewer, 506 South President Street, Jackson, MS 39201.

6.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as JOHN OR JANE DOES 1-10, inclusive, and therefore sue these Defendants by such fictitious names and capacities. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that basis alleges that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries were proximately caused by the conduct of each such Defendant.

7.      As a matter of federal law, Defendants Mike Byrd and Jackson County, Mississippi, are liable for their own actions, and Jackson County, Mississippi, is liable for its actions as final policy makers. As a matter of state law, Defendants Mike Byrd and Jackson County, Mississippi, are liable for their own actions and are vicariously liable for the actions of Defendant Hope Thornton and certain as yet unidentified Defendants John or Jane Does 1-10. Also, as a matter of state law, Jackson County, Mississippi, is vicariously liable for the actions of Defendant, Mike Byrd.

8.      At all times relevant hereto the Defendants, acting individually and in concert with each other, as set forth herein below, acted unreasonably and with deliberate indifference to, and in reckless disregard for the constitutional rights and civil rights of Plaintiff, Ronald Tuskan, and thereby did inflict, allow to be inflicted and failed to prevent the infliction of injuries suffered by Plaintiff, all accomplished under color of law, and the Defendants are therefore liable unto Plaintiff for the acts and omissions set out herein. The injuries to Plaintiff, in addition to the deliberate acts pleaded herein, were readily foreseeable by each Defendant as the obvious consequence of their deliberate actions. In other words at all times pleaded herein it was clearly

3

obvious to all Defendants that the harm which occurred to Plaintiff, Ronald Tuskan, would occur sooner or later to a citizen of Jackson County, absent remedial action on the part of Jackson County, Mississippi, acting through its agents, who, despite its knowledge failed to act.

9.     Whenever and wherever reference is made in this complaint to any act by a Defendant and/or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

## II.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. 1343(a)(3) (Civil Rights) and due to supplement jurisdiction over the state law claims, and personal jurisdiction as the Defendants are residents or entities located within the jurisdiction of this Court.

11.    Venue in this case is proper in this Court pursuant to 28 U.S.C. § 1391, because the conduct, acts and/or omissions upon which this cause of action is based occurred in Jackson County, Mississippi, which is completely within the jurisdiction of the United States District Court for the Southern District of Mississippi, Southern Division, and this case involves federal questions of law.

## III.

## FACTS GIVING RISE TO CAUSE OF ACTION

12.    At all times relevant hereto the Defendants, acting individually and in concert with each other, as set forth herein below, acted unreasonably and with deliberate indifference to, and in reckless disregard for the constitutional rights of and the civil rights of the Plaintiff, Ronald Tuskan.

4

13.     On or about March 8, 2011, Defendant, Hope Thornton, allegedly received information through the child protection system and/or the I.C.A.C. ("Internet Crimes Against Children") task force that a particular IP address located in Jackson County had allegedly been downloading known child pornography.

14.     Upon information and belief, Defendant, Hope Thornton, may have obtained information from Cable One by subpoena that the subject IP address was being used by Plaintiff at his residence.

15.     Defendants, Hope Thornton and/or certain as yet unidentified John or Jane Does 1-10, acting at the direction of Sheriff Mike Byrd, went to Plaintiff Ronald Tuskan's place of employment and informed Tuskan's supervisors that he was being investigated for having child pornography on his home computer and would be arrested and charged with child pornography. Defendants, Hope Thornton and/or certain as yet unidentified John or Jane Does 1-10, made the allegations regarding child pornography at Tuskan's place of employment, even though there was no evidence or proof that Tuskan was involved with any form of child pornography. Defendants, Hope Thornton and/or certain as yet unidentified John or Jane Does 1-10, then took Plaintiff, Ronald Tuskan, into custody by refusing to allow him to drive to his house in his own vehicle and requiring him to get into a police car to be transported to his home, effectuating an arrest, where Tuskan voluntarily allowed Thornton to have access to his computer to perform a search of its contents.

16.     As a direct and proximate result of the actions of Defendants, Hope Thornton and/or certain as yet unidentified John or Jane Does 1-10, Plaintiff's employer and co-workers were told that Plaintiff was being charged with felony possession of child pornography, and that he had child pornography on his home computer.

17.     Jackson County Sheriff, Mike Byrd, ordered the investigation of Plaintiff without probable cause and made sure he was detained, all in an effort to intentionally deprive Tuskan of his freedom and civil rights.

18.     Upon information and belief, Defendant Hope Thornton subsequently claimed that she obtained a search warrant for Plaintiff's residence, but in fact Plaintiff never saw a search warrant and voluntarily allowed Defendants access to his computer.  Defendant Hope Thornton and/or certain as yet unidentified John or Jane Does 1-10 did a preliminary manual scan of Plaintiff's only computer; a desktop computer located in his home office, and found no child pornography on the computer. Defendant Hope Thornton and/or certain unidentified John or Jane Does 1-10 discovered that Plaintiff had an open wireless connection.

19.     After the Defendants detained Plaintiff and searched his computer, the Defendants finally stopped the investigation as there was no evidence that he ever possessed child pornography.

20.     At all times, Defendants, Mike Byrd, Hope Thornton and the unidentified John or Jane Does 1-10, knew or should have known that there was no evidentiary or factual basis with which to investigate, arrest, detain, or charge Plaintiff, Ronald Tuskan, with any criminal conduct for possession of child pornography  or downloading child pornography.

21.     While acting within their individual and official capacities with apparent authority under color of law, Defendants, Mike Byrd, Hope Thornton and the as yet unidentified John or Jane Does 1-10, involuntarily detained Plaintiff, Ronald Tuskan, for the purposes of an investigation without any evidentiary or factual basis to support the allegations of child pornography.

22.     There was never any evidence of child pornography involving the Plaintiff.

6

23. Defendants, Mike Byrd, Hope Thornton and the unidentified John or Jane Does 1-10, knew or should have known throughout the entire investigation of Plaintiff that they had no basis for their aforementioned actions.

24. Based on information and belief, Jackson County Sheriff Mike Byrd frequently targeted individuals for political and/or personal reasons and/or has customs, policies, and/or practices of arresting, prosecuting, and/or investigating individuals with no probable cause or any other basis to do so. Upon information and belief, examples of such behavior by Sheriff Mike Byrd are (a) ordering his deputies to handle an investigation or matter, and when they objected, the Sheriff cursed them and threatened their jobs; and (b) demoting and/or firing employees that refused to perform illegal and/or improper investigations and/or other tasks. These improper tasks were so common that the employees of the Jackson County Sheriff's Department nicknamed them "Acute Political Emergency" or "APE". Further, based on information and belief, the Jackson County Sheriff's Department's own policies and procedures violate the Mississippi Attorney General's policies and procedures with regard to I.C.A.C. software.

25. The Jackson County Sheriff, Mike Byrd, created and maintained a culture, pattern and practice of going after his perceived enemies, conducting improper investigations, violating citizen's constitutional rights, both state and federal, which created policies, practices and procedures that led to the violation of Plaintiff's Mississippi and United States Constitutional rights.

26. Defendants, Mike Byrd, Hope Thornton, and the unidentified John or Jane Does 1-10, and other members of the Jackson County Sheriff's Department, acting in the course and scope of their employment with Jackson County, Mississippi, engaged in a violation of civil rights, malicious prosecution, abuse of process, and defamation. This conduct by Sheriff Mike

Byrd, Detective Hope Thornton, and the unidentified John or Jane Does 1-10, and other members of the Jackson County Sheriff's Department were the proximate and sole cause of Plaintiff, Ronald Tuskan's, injuries, damages and losses sustained in this matter.

27.    That Defendants, Hope Thornton and/or certain unidentified John or Jane Does 1-10, and other deputies involved in the investigation were either directed or allowed by Sheriff Mike Byrd to harass, detain and/or arrest Plaintiff, Ronald Tuskan, without repercussion and without probable cause to do so.

28.    At all times herein, Mike Byrd, Hope Thornton, and the unidentified John or Jane Does 1-10, and all other individuals directly or proximately involved in the investigation knew or should have known that there was no evidence or factual basis with which to investigate or charge Plaintiff, Ronald Tuskan, with any criminal conduct for possession of child pornography.

29.    Further, Defendants, Mike Byrd, Hope Thornton, and the unidentified John or Jane Does 1-10, knew or should have known that there was no evidentiary or factual basis with which to prove that Plaintiff, Ronald Tuskan, ever committed the crime with which he was being investigated.  Further, that the actions taken by the Defendants in detaining Plaintiff violated the I.C.A.C. policies and procedures of how internet child crimes are investigated.

30.    Defendant, Mike Byrd, as Sheriff of Jackson County, was responsible for the hiring, firing, training, supervision, discipline, administration, policies, customs, practices, operations, management and control of the Jackson County Sheriff's Department and its deputies, including, Defendants Hope Thornton and certain as yet unidentified John or Jane Does.  As such, Defendant Mike Byrd, during his tenure and at the time of the matters herein complained of, was the final policy maker for the Jackson County Sheriff's Department in the

8

areas of law enforcement, and employment, training, and supervision of deputies and other employees of the Jackson County Sheriff's Department.

31.     Sheriff Mike Byrd and other members of the Jackson County Sheriff's Department, acting in the course and scope of their employment with Jackson County, Mississippi, engaged in the violation of civil rights, malicious prosecution, abuse of process, and defamation. This conduct by Sheriff Mike Byrd, Detective Hope Thornton, the unidentified John or Jane Does 1-10, and other members of the Jackson County Sheriff's Department were the proximate and sole cause of Plaintiff's injuries, damages and losses sustained in this matter.

32.     Additionally, Defendant, Jackson County, Mississippi, has overall responsibility for the Jackson County Sheriff's Department.

33.     Upon information and belief, Jackson County, Mississippi, and Mike Byrd, Hope Thornton, as well as other unknown individuals labeled herein as John or Jane Does 1-10, in violation of Plaintiff's rights intentionally acted without evidence to detain or arrest the Plaintiff.

34.     Defendants, Mike Byrd, Hope Thornton, and certain unidentified John or Jane Does 1-10, and Jackson County, Mississippi, investigated and detained/arrested the Plaintiff without probable cause in violation of his Fourth and Fourteenth Amendment rights, under color of state law, and have accordingly caused him damages.

35.     Upon information and belief, Defendants, Jackson County, Mississippi, and the Jackson County Sheriff, Mike Byrd, in his individual and official capacities, had policies, practices or customs in place which caused, ratified and/or furthered the violation of Plaintiff's rights as described herein.   Plaintiff accordingly seeks redress under 28 U.S.C. § 1983 for Defendant, Jackson County, Mississippi's, and the other Defendants' violation of Plaintiff's Fourth and Fourteenth Amendment rights.

9

36.     Defendant Mike Byrd, individually and in his official capacity, established customs, policies and practices which directly and proximately caused the deprivation of the civil and constitutional rights of Plaintiff, Ronald Tuskan, as alleged herein, and the damages, emotional and mental pain and distress, and suffering of Plaintiff.

37.     At all times pertinent herein the Defendants, each and all, acted willfully, maliciously, wantonly, unreasonably, recklessly, and with deliberate indifference to, and with intentional and wanton disregard of the constitutional and civil rights of the Plaintiff.

38.     The Defendants, acting individually and together, under color of law, engaged in a course of conduct, and conspired together, to deprive the decedent and the Plaintiff of his rights under federal and state law.

39.     The Defendants acting individually and together, under color of law, engaged in a course of conduct which caused the emotional and mental pain and suffering, injuries, and damages of Plaintiff, Ronald Tuskan, and violated his rights as guaranteed by the Fourth, Fifth, Ninth, and Fourteenth Amendments of the Constitution of the United States.  These include, but are not limited to, the right to be free from the deprivation of liberty that occurs without due process of law.

40.     The Defendants are liable unto your Plaintiff jointly and severally for the wrongful acts complained of herein.

41.     Plaintiff would show that he has sustained damages for which he is entitled to recover of and from the Defendants.

42.     Defendant, Jackson County, Mississippi, is liable for the actions of the Defendant, Sheriff Mike Byrd, in his official and/or individual capacity, since he was an elected county official with final policy making authority over the matters raised in this civil action.  Defendant,

Jackson County, Mississippi, is also liable for the actions of all other Defendants in their official and/or individual capacities as employees of the Jackson County Sheriff's Department.

43.    The actions of the Defendants were willfully in violation of Tuskan's federally protected rights, and said willful and reckless actions justify the imposition of punitive damages.

44.    The Defendant, Travelers Casualty and Surety Company of America, is liable to the Plaintiff for the unconstitutional and illegal acts of Defendant, Mike Byrd, as surety on his bond.  The Plaintiff brings suit on the Defendant, Mike Byrd's, bond in the name of the State of Mississippi for its use and benefit.

## IV.

## COUNT ONE - 42 U.S.C. § 1983, 1985 and 1988 (FALSE ARREST).

45.    Plaintiff re-alleges paragraphs 1 through 44 of this Complaint and incorporates them herein by reference.

46.    Defendants, Mike Byrd, Hope Thornton, and the as yet unidentified John or Jane Does 1-10, acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, 1985 and 1988, including: a. Plaintiff's  right to be free from false arrest, as guaranteed by Amendments IV and XIV of the United States Constitution, by detaining him without probable cause to believe that he had committed any crime; and b. Plaintiff's right not to be deprived of liberty without due process of law, as guaranteed by Amendments V and XIV of the United States Constitution.

47.    Plaintiff requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

## V.

## COUNT TWO - 42 U.S.C. § 1983, 1985, and 1988
## (FOURTH AMENDMENT UNREASONABLE SEIZURE).

48.     Plaintiff re-alleges paragraphs 1 through 47 of this Complaint and incorporates them herein by reference.

49.     Defendants, Mike Byrd, Hope Thornton, and the as yet unidentified John or Jane Does 1-10, acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, including: a. Plaintiff's right to be free from unreasonable seizure by being falsely detained, as guaranteed by Amendments IV and XIV of the United States Constitution, by detaining him without probable cause to believe that he had committed any crime; and b. Plaintiff's right not to be deprived of liberty without due process of law, as guaranteed by Amendments V and XIV of the United States Constitution.

50.     The Defendants acted through Sheriff Mike Byrd and at the direction of the Sheriff, and the Sheriff had in place, at all relevant times to this civil action, an unconstitutional policy, practice, custom or usage which authorized and/or mandated and/or condoned and/or ratified the use of unreasonable investigations and unlawful detainment and/or arrest toward Plaintiff.

51.     As a direct and proximate result of the Defendants' violation of Plaintiff's constitutional rights, Plaintiff suffered injury to his person.

52.     Plaintiff requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

**VI.**

## COUNT THREE - 42 U.S.C. § 1983, 1985, 1986, and 1988
### (Abuse of Process)

53.    Plaintiff re-alleges paragraphs 1 through 52 of this Complaint and incorporates them herein by reference.

54.    Defendants, Mike Byrd, Hope Thornton, and the as yet unidentified John or Jane Does 1-10, individually and/or jointly and in conspiracy, initiated and/or continued an investigation against Plaintiff, Ronald Tuskan, all without probable cause. Defendants were each instrumental in the initiation and perpetuation of the investigation of Mr. Tuskan. Defendants, Byrd, Thornton, and John or Jane Does 1-10, each acted with malice. Defendants maliciously misused or misapplied the legal process in order to obtain a result against the Plaintiff that was not lawfully warranted or properly obtained.

55.    Defendants, Mike Byrd, Hope Thornton, and the as yet unidentified John or Jane Does 1-10, acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, 1985, 1986 and 1988, including:

A.    Plaintiff's right to be free from malicious prosecution, as guaranteed by Amendments IV and XIV of the United States Constitution, by causing criminal proceedings to be initiated and continued against him without probable cause to believe that he committed a crime, and by providing false testimony against him; and

B.    Plaintiff's right not to be deprived of liberty without due process of law, as guaranteed by Amendments V and XIV of the United States Constitution.

13

56.     The investigation was terminated in Plaintiff, Ronald Tuskan's, favor.

57.     Defendants, Mike Byrd, Hope Thornton, and the as yet unidentified John or Jane Does 1-10, knew or should have known that the criminal investigation was groundless, but Defendants sought to use the legal process for the purpose of charging and prosecuting Plaintiff for the offense of child pornography that was not lawfully warranted or properly obtainable against Plaintiff and are liable for the abuse of process of Plaintiff because said investigation was proximately caused by their unlawful actions as set forth above.

58.     The criminal abuse of process alleged by the Plaintiff includes the initiation of the investigation against the Plaintiff on or about March 8, 2011, and continued pursuit of the investigation for improper purposes.  In engaging in the conduct described hereinabove, the Defendants acted maliciously, willfully and with specific intent to injure Plaintiff.

59.     The Defendants knew or should have known that the criminal investigation that was initiated and continued against the Plaintiff was groundless, but they sought to use the legal process for an unlawful and improper purpose.  These actions directly and proximately caused the injuries and damages to Plaintiff as claimed above, and constitute the tort of abuse of process under Mississippi law.

60.     Plaintiff requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

## VII.

## COUNT FOUR - 42 U.S.C. § 1983, 1985 and 1988 (Violation of Civil Rights)

61.     Plaintiff re-alleges paragraphs 1 through 60 of this Complaint and incorporates them herein by reference.

62.     Defendants, Mike Byrd, Hope Thornton, and the as yet unidentified John or Jane Does 1-10 acted under color of law.

63.     Defendants' conduct under the code of law violated Plaintiff's right of free speech, to be free from unreasonable seizure, kidnapping, false imprisonment, and the right to due process of law, as secured by the First, Fourth, and Fourteenth Amendments of the Constitution of the United States.

64.     Prior to the events described herein, the Defendants developed and maintained policies, practices and/or customs exhibiting deliberate indifference to violations of the constitutional rights of citizens.

65.     Defendant, Sheriff Mike Byrd, in his official and individual capacities, failed to adequately and properly supervise and train the deputies and other employees of the Jackson County Sheriff's Department in various aspects of law enforcement procedure and substance, including, but not limited to the lawful exercise of police power.

66.     The above-described acts and omissions by Sheriff Mike Byrd and the other Defendants at the direction of the Sheriff demonstrated a deliberate indifference to the constitutional rights of citizens, and were the cause of the violations of Plaintiff's rights under the First, Fourth, and Fourteenth Amendments to the United States of Constitution.

67.     As a result of Sheriff Mike Byrd and his department's violations of Plaintiff's constitutional rights, the Plaintiff suffered substantial injuries and damages.

68.     During the events alleged in the Complaint, Defendants, Mike Byrd, Hope Thornton, and the as yet unidentified John or Jane Does 1-10, acted in concert, within the scope of their employment and under color of law.

69.     The Plaintiff exercised his rights under the First Amendment to free speech and under the Fourth Amendment to be secure in his person against unreasonable and unlawful seizures.

70.     Defendants unlawfully and unreasonably deprived Plaintiff, Ronald Tuskan, of his liberty by seizing him, forcefully taking him from his place of employment, and detaining/arresting Tuskan without due process, without lawful justification, without reasonable suspicion, or probable cause to believe a criminal violation had been committed.

71.     Defendants acted in concert and deprived Plaintiff of his rights under the U.S. Constitutional and federal Statutes.

72.     Defendants violated 42 U.S.C. § 1983; Defendants' conduct operated to deprive Plaintiff of his rights guaranteed by the United States Constitution and federal statutes.

73.     As a direct a proximate result of the foregoing, Defendants deprived the Plaintiff of his rights and privileges as citizens of the United States, and Defendants caused the Plaintiff to suffer financial injury, significant indignities, and to be hurt and injured in his health, strength, and activity, sustaining shock and injury to his nervous system and person, all of which has caused and will continue to cause, Plaintiff's physical, mental, and emotional pain and suffering, all to his general damage in a sum which will be proven at trial.

## VIII.

### COUNT FIVE - 42 U.S.C. § 1983, 1985 and 1988
### (Violation 1st, 4th and 14th Amendments.)

74.     The Plaintiff re-alleges paragraphs 1 through 73 of this Complaint and incorporates them herein by reference.

75.     This cause arises under the First, Fourth, and the Fourteenth Amendments of the United States Constitution.

76.     Plaintiff's Constitutional rights that were violated by Defendants include the following:

      A.    Plaintiff's right to free speech protected by the First Amendment;

      B.    Plaintiff's right to be free from unreasonable search and seizures under color of law protected by the Fourth Amendment;

      C.    Plaintiff's right to due process of law protected by the Fourteenth Amendment; and

      D.    Plaintiff's right to remain silent by the Fifth Amendment.

77.     Defendants, Jackson County, Mississippi, Mike Byrd, Hope Thornton, and the as yet unidentified John or Jane Does 1-10, was undertaken under color of law and operated to deprive Plaintiff of rights guaranteed by the United States Constitution.

78.     As a direct and proximate result of the foregoing, Defendants deprived the Plaintiff of his rights and privileges as citizens of the United States, and Defendants caused the Plaintiff to suffer financial injury, significant indignities, and to be hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which has caused and will continue to cause, Plaintiff's physical, mental, and emotional pain and suffering, all to his general damage in a sum which will be proven at trial.

## IX.

## COUNT EIGHT - 42 U.S.C. § 1983, 1985 and 1988 (Civil Conspiracy and Neglect)

79.     Plaintiff re-alleges paragraphs 1 through 78 of this Complaint and incorporates them herein by reference.

80.     The Civil Rights Act of 1866, as amended, 42 U.S.C. §1985 and §1986, prohibits conspiracies to interfere with civil rights.

17

81.     Defendants violated 42 U.S.C. § 1985 in that they entered into an agreement and combined among themselves and/or with others to engage in unlawful conduct, i.e. depriving the Plaintiff of rights guaranteed to him under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

82.     Defendants, Jackson County, Mississippi, Mike Byrd, Hope Thornton, and the as yet unidentified John or Jane Does 1-10, violated 42 U.S.C. § 1986 in that they, having knowledge that wrongs conspired to be done, and mentioned in 42 U.S.C. § 1985, were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected and refused to do so.

83.     Defendants have each done or have caused to be done acts in furtherance of this conspiracy whereby the Plaintiff has been injured and has been deprived of rights guaranteed to him under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

84.     Defendants, Jackson County, Mississippi, Mike Byrd, Hope Thornton, and the as yet unidentified John or Jane Does 1-10, each had actual knowledge of the conspiracies to deprive Plaintiff of his rights protected by 42 U.S.C. § 1985, and each had the power and opportunity to prevent the violations from occurring and/or continuing to do so.

85.     As a direct and proximate result of the foregoing, Defendants deprived the Plaintiff of his rights and privileges as a citizen of the United States, and Defendants caused the Plaintiff to suffer financial injury, significant indignities, and to be hurt and injured in his health, strength and activity, sustaining injury to his body and shock and injury to his nervous system and person, which have caused, and will continue to cause, Plaintiff physical, mental, and emotional pain and suffering, all to his general damage in a sum which will be proven at trial.

18

**X.**

**COUNT SIX - (Jackson County, Mississippi).**

86.      Plaintiff re-alleges paragraphs 1 through 85 of this Complaint and incorporates them herein by reference.

87.      Defendant, Jackson County, Mississippi, was at all times relevant to this action the employer of Defendants, Mike Byrd, Hope Thornton, and the as yet unidentified John or Jane Does 1-10.  Defendants, Byrd, Thornton, and John or Jane Does 1-10, committed the acts alleged in this complaint in the course and within the scope of their employment.

88.      Defendant, Jackson County, Mississippi, is liable for the actions of the Defendant, Mike Byrd, in his official capacity, since he is an elected county official with final policy making authority over the matters raised in this civil action.

89.      The Defendant, Travelers Casualty and Surety Company of America, is liable to the Plaintiff for the unconstitutional and illegal acts of Defendant, Mike Byrd, as surety on his bond. The Plaintiff brings suit on the Defendant, Mike Byrd's, bond in the name of the State of Mississippi for its use and benefit.

90.      As a direct and proximate result of the Defendants actions, the Plaintiff sustained past, present and future emotional distress and mental anguish, inconvenience, humiliation, shame, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of esteem and respect from the community, fear and embarrassment, and injury to reputation and professional standing, all of which Plaintiff suffered, plus costs, interest, and actual attorney fees. Plaintiff requests judgment against the Defendants.

91.      The actions of the Defendants were in willful violation of the Plaintiff's federally protected rights, were willful and reckless, and justify the imposition of punitive damages.

## XI.

## COUNT SEVEN (Respondeat Superior – Jackson County, Mississippi).

92.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 91 as if fully set forth herein.

93.     Defendants, Mike Byrd, Hope Thornton, and the as yet unidentified John or Jane Does 1-10, were at all times relevant to this action employees and agents of the Defendant, Jackson County, Mississippi.  Each of the above-named defendants was acting within the scope of their employment when they engaged in the actions described in this complaint.  Therefore, all of the individual Defendants' acts and omissions are directly chargeable to Defendant, Jackson County, Mississippi, pursuant to the doctrine of respondeat superior.

94.     As a direct and proximate result of the Defendants' actions, the Plaintiff sustained past, present and future emotional distress and mental anguish, inconvenience, humiliation, shame, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of esteem and respect from the community, fear and embarrassment, and injury to reputation and professional standing, all of which Plaintiff suffered, plus costs, interest, and actual attorney fees. Plaintiff requests judgment against the Defendants.

## XII.

## DAMAGES AND REMEDIES

95.     The actions of the Defendants, and each of them, are malicious, unlawful, and/or so grossly negligent as to make these Defendants liable to the Plaintiff for punitive damages. Likewise the deliberate indifference of Jackson County, Mississippi rises to a level of gross negligence and should subject it to punitive damages.

96.    As a direct and proximate result of Defendants' actions described hereinabove, the Plaintiff was caused to suffer the following injuries and damages:

A.    Past, present and future emotional distress and mental anguish, inconvenience, humiliation, shame, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of the esteem and respect from the community, fear and embarrassment, and injury to reputation and professional standing, all of which Plaintiff suffered;

B.    Past, present and future lost wages and loss of wage earning capacity;

C.    Attorney fees and costs under 42 U.S.C. § 1988(b), plus pre-judgment and post-judgment interest; and

D.    All other damages available under federal and state law, including punitive and/or exemplary damages.

97.    On information and belief, Plaintiff alleges that his injuries will be permanent and that they have had significant consequences on his life.

98.    That the aforesaid damages to the Plaintiff having been proximately caused by the negligence, gross negligence, wanton indifference, reckless disregard and/or malicious or intentional acts of the Defendants, the Plaintiff is entitled to sue and recover damages proximately resulting there from, including compensatory damages, punitive damages, attorney's fees, pre-judgment and post-judgment interest, and such other relief as Plaintiff may be entitled to under the laws of Mississippi and the United States.

WHEREFORE, PREMISES CONSIDERED, your Plaintiff, RONALD TUSKAN, demands judgment of and from the Defendants in an amount that will reasonably compensate Plaintiff for his injuries and/or damages and to punish Defendants in order to deter future

21

wrongful conduct, with said damages to include compensatory damages of TEN MILLION

($10,000,000.00) DOLLARS, punitive damages of TEN MILLION ($10,000,000.00)

DOLLARS, attorney's fees and costs of these proceedings pursuant to 42 U.S.C. § 1988, pre-

judgment and post-judgment interest, and such other relief as Plaintiff may be entitled to under

the laws of the State of Mississippi and the United States of America, and any and all other relief

this Honorable Court deems just, proper and equitable.

ON THIS the ___11th___ day of ___Sept___, 2013.

Respectfully submitted,
**RONALD TUSKAN**

BY: _____
DOUGLAS L. TYNES, JR. (MSB # 101921)
J. ADAM MILLER (MSB # 10557)

DOUGLAS L. TYNES, JR. (MSB # 101921)
Tynes Law Firm, P.A.
525 Krebs Avenue (39567)
Post Office Drawer 966
Pascagoula, MS 39568-0966
228.769.7736 Telephone
228.769.8466 Facsimile
monte@tyneslawfirm.com

J. ADAM MILLER (MSB # 10517)
R. KEITH MILLER (MSB # 9475)
Miller & Miller Attorneys at Law, PLLC
1126 Jackson Avenue, Suite 401
P.O. Box 1269
Pascagoula, MS 39568
228.762.8912 Telephone
228.762.8913 Facsimile
Email:  Adam Miller: millerfirm@gmail.com; adam@mississippidefensefirm.com
        Keith Miller: millerandmilleratty@gmail.com

22