**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

RONALD TUSKAN                                                                          PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 1:13cv356HSO-RHW

JACKSON COUNTY MISSISSIPPI;
MIKE BYRD, Individually and in his Official Capacity
as Sheriff of Jackson County, Mississippi;
HOPE THORNTON, Individually and in her Official
Capacity as Detective in the Jackson County Sheriff's Department;
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA;
and JOHN OR JANE DOES 1 - 10                                                      DEFENDANTS

## ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO COMPLAINT

COME NOW the Defendants, JACKSON COUNTY, MISSISSIPPI; MIKE BYRD, in his

Individual Capacity; and HOPE THORNTON, in her Individual Capacity, and file this their

Answer, Defenses, and Affirmative Defenses to the Complaint filed against them by the Plaintiff

herein, to wit:

**I.**

**PARTIES**

1.

In response to paragraph 1, the Defendants admit, upon information and belief, that

Plaintiff is an adult resident citizen of Jackson County, Mississippi.

2.

Defendants admit that Jackson County, Mississippi is a political subdivision within the

State of Mississippi, with the ability to sue and be sued.  Defendants further admit that at all

times relevant to the Complaint, Jackson County employed Hope Thornton, and that Mike Byrd was the duly-elected Sheriff of Jackson County, Mississippi. Defendants are without sufficient information to admit or deny whether the unidentified John or Jane Does 1-10 were employees of Jackson County, and therefore for purposes of this Answer, deny the allegation. Defendants admit that Jackson County, Mississippi may be served with process in the time and manner provided by law. Any other allegations not specifically admitted in paragraph 2 are hereby denied.

3.

In response to paragraph 3, Defendants admit the allegations contained in the first sentence of the paragraph. Defendants admit that at all relevant times, Mike Byrd was the duly elected Sheriff of Jackson County, Mississippi, with all of the powers inherent in that position. Defendants admit that at all times relevant to the Complaint, Sheriff Byrd was acting in the course and scope of his employment and under color of state law. Defendants admit the allegations in the third sentence of paragraph 3 and admit that Mike Byrd may be served with process in the time and manner provided by law. Any other allegations not specifically admitted in paragraph 3 are hereby denied.

4.

Defendants deny the allegation that Defendant Hope Thornton "neglected to act in the course and scope of her employment and under color of state law," and any negative implications of such statement. Defendants admit the remaining allegations of paragraph 4 of the Complaint.

5.

The allegations contained in paragraph 5 are not directed at these Defendants and

therefore require no response from them.  To the extent the Court may deem a response to be required, the allegations are denied.

6.

The allegations contained in paragraph 6 are not directed at these Defendants and therefore require no response from them.  To the extent the Court may deem a response to be required, the allegations are denied.

7.

Paragraph 7 of the Plaintiff's Complaint contains allegations of law rather than factual allegations that would require a response by these answering Defendants.  To the extent the Court may deem a response to be required, the allegations are denied as stated.

8.

These Defendants deny the allegations contained in paragraph 8 of the Complaint.

9.

Defendants deny the allegations contained in paragraph 9, and would show that such an allegation does not comply with Rule 8 of the Federal Rules of Civil Procedure.

**II.**

**<u>JURISDICTION AND VENUE</u>**

10.

These Defendants admit the Court has subject matter and personal jurisdiction in this matter.

11.

These Defendants admit that venue is proper in this Court.

3

## III.

### FACTS GIVING RISE TO CAUSE OF ACTION

12.

Defendants deny the allegations in paragraph 12 of the Complaint.

13.

Admitted.

14.

Admitted.

15.

Defendants admit that Hope Thornton and other deputies went to Plaintiff Tuskan's place of employment and informed one of his supervisors that Tuskan was being investigated on charges of child pornography. Defendants admit that Plaintiff was detained and transported to his home in custody and that Plaintiff voluntarily allowed Defendant Thornton to have access to his computer to perform a search of its contents. Defendants deny all remaining allegations contained in paragraph 15 of the Complaint.

16.

Denied.

17.

Denied.

18.

Defendants admit that Hope Thornton obtained a search warrant for Plaintiff's residence, which she showed to the Plaintiff; admit that Plaintiff voluntarily allowed access to his computer;

and admit that no child pornography was found on Plaintiff's home computer. Defendants further admit that Defendant Thornton discovered the Plaintiff had an open wireless connection. Defendants deny all remaining allegations contained in paragraph 18.

19.

Defendants admit that after detaining the Plaintiff for no more than a few hours and searching his computer, they stopped the investigation, having discovered no child pornography on Plaintiff's home computer. Defendants deny the remaining allegations and implications contained in paragraph 19.

20.

These Defendants deny the allegations contained in paragraph 20 of the Complaint. With respect to allegations against John and Jane Does 1-10, Defendants are without sufficient knowledge or information to admit or deny those allegations, and therefore for purposes of this Answer, deny them.

21.

These Defendants deny the allegations contained in paragraph 21 of the Complaint. With respect to allegations against John and Jane Does 1-10, Defendants are without sufficient knowledge or information to admit or deny those allegations, and therefore for purposes of this Answer, deny them.

22.

Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.

These Defendants deny the allegations contained in paragraph 23 of the Complaint. With

respect to allegations against John and Jane Does 1-10, Defendants are without sufficient knowledge or information to admit or deny those allegations, and therefore for purposes of this Answer, deny them.

24.

Denied.

25.

Denied.

26.

Denied as to these answering Defendants and "other members of the Jackson County Sheriff's Department."  With respect to allegations against John and Jane Does 1-10, Defendants are without sufficient knowledge or information to admit or deny those allegations, and therefore for purposes of this Answer, deny them.

27.

Denied.

28.

Defendants deny the allegations contained in paragraph 28 as they pertain to these answering Defendants.  To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

29.

Defendants deny the allegations contained in paragraph 29 as they pertain to these answering Defendants.  To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

30.

Defendants admit the allegations contained in the first sentence of paragraph 30 of the Complaint, except as they pertain to "as yet unidentified John or Jane Does," which allegation is denied for lack of information. Defendants admit that Mike Byrd was the final policy maker for the Jackson County Sheriff's Department.

31.

Defendants deny the allegations contained in paragraph 31 as they pertain to these answering Defendants and "other members of the Jackson County Sheriff's Department." To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

32.

Denied.

33.

Defendants deny the allegations contained in paragraph 33 as they pertain to these answering Defendants. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

34.

Defendants admit that Mike Byrd and Hope Thornton acted under color of state law at all times pertinent to this Complaint, but deny the remaining allegations contained in paragraph 34 as they pertain to these answering Defendants. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

35.

Denied.

36.

Denied.

37.

Denied.

38.

Defendants admit that Mike Byrd and Hope Thornton acted under color of state law at all times pertinent to this Complaint, but deny the remaining allegations contained in paragraph 38 as they pertain to these answering Defendants. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

39.

Defendants admit that Mike Byrd and Hope Thornton acted under color of state law at all times pertinent to this Complaint, but deny the remaining allegations contained in paragraph 39 as they pertain to these answering Defendants. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

40.

Denied.

41.

Denied.

42.

Denied.

43.

Denied.

44.

The allegations contained in paragraph 44 are not directed at these answering Defendants and therefore require no response from them. To the extent the Court may deem a response to be required, the allegations are denied.

**IV.**

**COUNT ONE - 42 U.S.C. §1983, 1985, and 1988**
**(FALSE ARREST).**

45.

These Defendants adopt their responses to paragraphs 1 through 44 of this Answer, and incorporate them herein by reference.

46.

Defendants admit that Mike Byrd and Hope Thornton acted under color of law at all times pertinent to the Complaint, but deny the remaining allegations contained in paragraph 46 as they pertain to these answering Defendants. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

47.

Defendants deny that the Plaintiff is entitled to any judgment whatsoever against these Defendants.

**V.**

**COUNT TWO - 42 U.S.C. § 1983, 1985, and 1988**
**(FOURTH AMENDMENT UNREASONABLE SEIZURE).**

9

48.

These Defendants adopt their responses to paragraphs 1 through 47 of this Answer, and incorporate them herein by reference.

49.

Defendants admit that Mike Byrd and Hope Thornton acted under color of law at all times pertinent to the Complaint, but deny the remaining allegations contained in paragraph 49 as they pertain to these answering Defendants. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

50.

Denied.

51.

Denied.

52.

Defendants deny that the Plaintiff is entitled to any judgment whatsoever against these Defendants.

**VI.**

**COUNT THREE - 42 U.S.C. §1983, 1985, 1986, and 1988**
**(Abuse of Process)**

53.

These Defendants adopt their responses to paragraphs 1 through 52 of this Answer, and incorporate them herein by reference.

54.

Defendants deny the allegations contained in paragraph 54 as they pertain to these answering Defendants. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

55.

Defendants admit that Mike Byrd and Hope Thornton acted under color of law. All other allegations contained in paragraph 55 of the Complaint are denied on behalf of these answering Defendants, including but not limited to subparagraphs A and B. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

56.

Defendants admit that the investigation was terminated promptly, without any charges being brought against Ronald Tuskan.

57.

Defendants deny the allegations contained in paragraph 57 as they pertain to these answering Defendants. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

58.

Defendants deny the allegations contained in paragraph 58 as they pertain to these answering Defendants. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

59.

Defendants deny the allegations contained in paragraph 59 as they pertain to these answering Defendants. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

60.

Defendants deny that the Plaintiff is entitled to any judgment whatsoever against these Defendants.

## VII.

## COUNT FOUR - 42 U.S.C. § 1983, 1985, and 1988 (Violation of Civil Rights)

61.

Defendants adopt their responses to paragraphs 1 through 60 of this Answer, and incorporate them herein by reference.

62.

Defendants admit that Mike Byrd and Hope Thornton acted under color of law, but deny the remaining allegations in paragraph 62 for lack of information.

63.

Defendants deny the allegations contained in paragraph 63 as they pertain to these answering Defendants. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

64.

Denied.

65.

Denied.

66.

Denied.

67.

Denied.

68.

Defendants admit that during the events alleged in the Complaint, Defendants Mike Byrd and Hope Thornton acted within the scope of their employment and under color of law. All other allegations contained in paragraph 68 are denied. To the extent the allegations pertain to unidentified John or Jane Does 1-10, they are denied for lack of information.

69.

Denied.

70.

Denied.

71.

Denied.

72.

Denied.

73.

Denied.

## VIII.

## COUNT FIVE - 42 U.S.C. § 1983, 1985, and 1988
## (Violation 1st, 4th and 14th Amendments

### 74.

Defendants adopt their responses to paragraphs 1 through 73 of this Answer, and incorporate them herein by reference.

### 75.

Denied.

### 76.

Defendants deny the allegations contained in paragraph 76, including but not limited to subparagraphs (A) through (D), and specifically deny that any of Plaintiff's constitutional rights were violated by these Defendants. To the extent the allegations pertain to unidentified John or Jane Does 1-10, they are denied for lack of information.

### 77.

Defendants Jackson County, Mike Byrd, and Hope Thornton admit their actions were undertaken under color of law, but deny the remaining allegations contained in paragraph 77 as they pertain to these answering Defendants. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

### 78.

Denied.

## IX.

## COUNT EIGHT - 42 U.S.C. § 1983, 1985 and 1988 (Civil Conspiracy and Neglect)

79.

Defendants adopt their responses to paragraphs 1 through 78 of this Answer, and incorporate them herein by reference.

80.

Paragraph 80 of the Plaintiff's Complaint contains allegations of law rather than factual allegations that would require a response by these answering Defendants. To the extent the Court may deem a response to be required, the allegations are denied as stated.

81.

Denied.

82.

To the extent the allegations contained in paragraph 82 pertain to Defendants Jackson County, Mississippi; Mike Byrd; and Hope Thornton, they are denied. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

83.

To the extent the allegations contained in paragraph 83 pertain to these answering Defendants, they are denied. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

84.

To the extent the allegations contained in paragraph 84 pertain to these answering Defendants, they are denied. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

85.

To the extent the allegations contained in paragraph 85 pertain to these answering Defendants, they are denied. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

## X.

## COUNT SIX - (Jackson County, Mississippi).

86.

Defendants adopt their responses to paragraphs 1 through 85 of this Answer, and incorporate them herein by reference.

87.

Defendants admit that at all times relevant to this action, Jackson County, Mississippi was the employer of Hope Thornton and that Mike Byrd was the duly elected sheriff of Jackson County, Mississippi. Defendants admit that Byrd and Thornton acted in the course and within the scope of their employment, but deny any allegations or implications of wrongdoing by these answering Defendants. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

88.

Paragraph 88 of the Plaintiff's Complaint contains allegations of law rather than factual allegations that would require a response by these answering Defendants. To the extent the Court may deem a response to be required, the allegations are denied as stated.

89.

The allegations contained in paragraph 89 are not directed at these answering Defendants

and therefore require no response from them.  To the extent the Court may deem a response to be required, the allegations are denied.

90.

To the extent the allegations contained in paragraph 90 pertain to these answering Defendants, they are denied.  To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.  Defendants specifically deny the Plaintiff is entitled to any judgment against these answering Defendants.

91.

To the extent the allegations contained in paragraph 91 pertain to these answering Defendants, they are denied.  To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

**XI.**

**<u>COUNT SEVEN (Respondeat Superior - Jackson County, Mississippi).</u>**

92.

Defendants adopt their responses to paragraphs 1 through 91 of this Answer, and incorporate them herein by reference.

93.

Defendants admit that at all times relevant to this action Hope Thornton was an employee of Jackson County, Mississippi, and that Mike Byrd was the duly-elected sheriff of Jackson County, Mississippi.  These Defendants further admit that Byrd and Thornton were acting within the scope of their employment at the relevant times.  These answering Defendants deny the remaining allegations made against them in Paragraph 93.  To the extent the allegations pertain

17

to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

94.

To the extent the allegations contained in paragraph 94 pertain to these answering Defendants, they are denied. To the extent the allegations pertain to unidentified John or Jane Does 1-10, Defendants deny the allegations for lack of information.

## XII.

## DAMAGES AND REMEDIES

95.

Denied.

96.

These Defendants deny the allegations contained in paragraph 96, including but not limited to subparagraphs (A) through (D), and specifically deny that any of Plaintiff's rights were violated by these Defendants.

97.

Denied.

98.

Denied.

99.

In response to the unnumbered paragraph beginning with the words, "WHEREFORE, PREMISES CONSIDERED," these Defendants deny that the Plaintiff is entitled to the damages sought, deny that the Plaintiff is entitled to a judgment in any amount whatsoever from these Defendants, and respectfully requests this Court dismiss this cause with prejudice to the Plaintiff.

Anything not specifically admitted herein is denied.

And now, having Answered the Complaint, these Defendants set forth their defenses and affirmative defenses as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE

The Defendants hereby incorporate and plead any and all defenses in Rule 12(b) of the Federal Rules of Civil Procedure that may be applicable to this case, and specifically reserve the right to raise any objections and defenses therein stated.

## THIRD DEFENSE

The Defendants hereby plead all applicable statutes of limitation.

## FOURTH DEFENSE

There is no official custom, policy or practice of Jackson County, Mississippi that proximately caused any violations of the Plaintiff's constitutional rights.

## FIFTH DEFENSE

No constitutional or statutory rights of the Plaintiff have been violated.

## SIXTH DEFENSE

The Defendants affirmatively allege that punitive damages are not available against Jackson County, Mississippi, under 42 U.S.C. §1983.

## SEVENTH DEFENSE

The Defendants further assert that punitive damages are inapplicable in this case in that

no acts or omissions rose to a level to justify punitive damages.

## EIGHTH DEFENSE

All of the Plaintiff's claims and alleged injuries, if any, resulted from acts or omissions of persons or parties other than these Defendants for which these Defendants are not responsible or liable.

## NINTH DEFENSE

Negligence, if any, does not rise to the level of a constitutional violation.

## TENTH DEFENSE

These answering Defendants have breached no duty owed the Plaintiff.

## ELEVENTH DEFENSE

These answering Defendants plead all applicable defenses under Rule 8(c) of the Federal Rules of Civil Procedure.

## TWELFTH DEFENSE

Deputies of the Jackson County Sheriff's Department are properly hired, trained and supervised.

## THIRTEENTH DEFENSE

*Respondeat superior* is inapplicable under 42 U.S.C. §1983.

## FOURTEENTH DEFENSE

Defendant Mike Byrd, the duly elected Sheriff at the time of this incident, and Deputy Hope Thornton acted in an objectively reasonable manner and in good faith, and as such are entitled to qualified immunity.

## FIFTEENTH DEFENSE

As to all claims made pursuant to state law or determined to be state law claims, if any, these Defendants assert all protections, immunities, limitations, defenses, procedures, exemptions, and rights available under MISS. CODE ANN. §11-46-1 *et. seq.*

## SIXTEENTH DEFENSE

The Plaintiff is not entitled to a jury trial on any state law claims asserted herein, pursuant to MISS. CODE ANN. §11-46-13.

## SEVENTEENTH DEFENSE

Pursuant to MISS. CODE ANN. §11-46-5, Jackson County has not waived its immunity for the conduct of any employee if such employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations.

## EIGHTEENTH DEFENSE

As to any state law claims the Court may deem to be asserted, these Defendants specifically plead immunity pursuant to MISS. CODE ANN. §11-46-9(1).

## NINETEENTH DEFENSE

The Plaintiff is not entitled to exemplary or punitive damages, interest prior to judgment, or an award of attorneys' fees for any state law claims asserted, pursuant to MISS. CODE ANN. §11-46-15.

## TWENTIETH DEFENSE

Pursuant to MISS. CODE ANN. § 11-46-7, for any state law claims asserted, individual employees may not be held personally liable for acts or omissions occurring within the course and scope of the employee's duties.

WHEREFORE, these Defendants deny the Plaintiff is entitled to any relief whatsoever, and request the Complaint be dismissed with prejudice, assessing attorney's fees and court costs against the Plaintiff.

Respectfully submitted, this the 24th day of October, 2013.

BY: ___s/ *Gary S. Evans*_____
Gary S. Evans, Attorney for Defendants

Gary S. Evans (MSB#5261)
Jackye C. Bertucci (MSB #9851)
Office of the Board Attorney
Post Office Box 998
Pascagoula, MS 39568-0998
Telephone: (228) 769-3371
Facsimile: (228) 769-3119
E-mail: gevans@jcboardatty.com
E-mail: jbertucci@jcboardatty.com

<u>CERTIFICATE OF SERVICE</u>

I, Gary S. Evans, hereby certify that on this date I electronically filed the foregoing

Answer, Defenses, and Affirmative Defenses to the Complaint with the Clerk of this Court using

the ECF system which sent notification of such filing to J. Adam Miller and Douglas L. Tynes,

Jr., attorneys for the Plaintiff.

This the 24th day of October, 2013.

 *s/ Gary S. Evans*
Gary S. Evans
Attorney for Defendants