IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RONALD TUSKAN | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO. 1:13cv356-HSO-RHW |
| | § | |
| JACKSON COUNTY, MISSISSIPPI, | § | DEFENDANTS |
| MIKE BYRD, INDIVIDUALLY AND | § | |
| IN HIS OFFICIAL CAPACITY AS | § | |
| SHERIFF OF JACKSON COUNTY, | § | |
| MISSISSIPPI; HOPE THORNTON, | § | |
| INDIVIDUALLY AND IN HER | § | |
| OFFICIAL CAPACITY AS | § | |
| DETECTIVE IN THE JACKSON | § | |
| COUNTY SHERIFF'S | § | |
| DEPARTMENT; TRAVELERS | § | |
| CASUALTY AND SURETY | § | |
| COMPANY OF AMERICA; AND | § | |
| JOHN OR JANE DOES 1-10 | § | |

**ORDER GRANTING MOTION TO DISMISS
OFFICIAL CAPACITY CLAIMS**

BEFORE THE COURT is the Motion to Dismiss [9] Plaintiff Ronald Tuskan's official capacity claims against Defendants Mike Byrd and Hope Thornton. Having considered the Motion, Plaintiff's Response in Opposition [11], the record, and relevant legal authorities, the Court is of the opinion that the Motion should be granted, and Plaintiff's official capacity claims against Defendants Mike Byrd and Hope Thornton should be dismissed with prejudice.

I. BACKGROUND

Plaintiff Ronald Tuskan ("Plaintiff") filed suit against Defendants Jackson County, Mississippi, Mike Byrd ("Byrd"), Hope Thornton ("Thornton"), and

Travelers Casualty and Surety Company of America on September 11, 2013. Compl. 1 [1].  Plaintiff advances several claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988 stemming from allegations that Defendants falsely arrested Plaintiff and investigated him for downloading and possessing child pornography, which investigation was allegedly without a reasonable evidentiary or factual basis and was ultimately unfruitful.  *Id*. at 5-22.  Plaintiff asserts these claims against Byrd and Thornton both individually and in their official capacities as members of the Jackson County Sheriff's Department.  *Id*. at 2.

On October 24, 2013, Byrd and Thornton moved to dismiss Plaintiff's official capacity claims only.  Mot. to Dismiss 1 [9].  Byrd and Thornton note that Plaintiff has also sued Jackson County and, relying upon *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985), contend that Plaintiff's official capacity claims are merely redundant of Plaintiff's claims against Jackson County.  *Id*. at 2.

Plaintiff responds that *Graham* "only dictates that a municipality cannot be held liable on a *respondeat superior* basis and a judgment against an official in his or her personal capacity does not impose liability on the governmental entity."  Pl.'s Resp. in Opp'n to Mot. to Dismiss, 2 [11].  According to Plaintiff, whether his official capacity claims against Byrd and Thornton are redundant of his claims against Jackson County is irrelevant.  *Id*. at 3.  Plaintiff maintains that Byrd, Thornton, and Jackson County "are separate and distinct entities legally" and thus dismissal of his official capacity claims is improper.  *Id*. at 4.  To date, Byrd and Thornton have not filed a rebuttal.

2

II. DISCUSSION

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Graham*, 473 U.S. at 165-66 (quoting *Monell v. New York City Dept. of Soc. Services*, 436 U.S. 658, 690, n.55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (noting an action against a government official in his or her official capacity is tantamount to a suit against the government itself); *McCarthy v. Hawkins*, 381 F.3d 407, 414 (5th Cir. 2004) (concluding official capacity suits should be treated as a suit against the entity for which the official acts as an agent).

To the extent they have been sued in their official capacities, Byrd and Thornton should be dismissed as parties because a claim brought against a governmental employee in his or her official capacity is actually a claim against the governmental entity itself. *Graham*, 473 U.S. at 165-66 (1985). Plaintiff has sued Jackson County, the governmental entity for which Byrd and Thornton acted as agents. Jackson County has received notice [3] of Plaintiff's suit and has responded [8]. While Plaintiff's individual capacity claims against Byrd and Thornton are legally distinct, Plaintiff's official capacity claims against Byrd and Thornton are redundant of Plaintiff's claims against Jackson County. For these reasons, Plaintiff's official capacity claims against Byrd and Thornton should be dismissed

with prejudice. *See, e.g., Fife v. Vicksburg Healthcare, LLC*, 945 F. Supp. 2d 721, 731 (S.D. Miss. 2013) ("Plaintiff's official capacity claims against Defendant White are redundant since her employer . . . is a party to this lawsuit."); *Hinson v. Rankin Cnty., Miss.*, 873 F. Supp. 2d 790, 792 (S.D. Miss. 2012) (citing *Graham*, 473 U.S. at 165-66) ("The official capacity claims against Constable Bean and Sheriff Pennington are the functional equivalent of claims against Rankin County."); *McGee v. Parker*, 772 F. Supp. 308, 312 (S.D. Miss. 1991) (citing *Graham*, 473 U.S. at 165-66) ("[T]he naming of a public official as a defendant in his official capacity is simply another way of pleading an action against the entity of which the officer is an agent.").

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants Mike Byrd and Hope Thornton's Motion to Dismiss Official Capacity Claims [9] is **GRANTED** and Plaintiff Ronald Tuskan's official capacity claims against Defendants Mike Byrd and Hope Thornton are **DISMISSED WITH PREJUDICE**. Plaintiff's individual capacity claims against these Defendants remain pending.

**SO ORDERED AND ADJUDGED**, this the 29th day of July, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE