IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RONALD TUSKAN | § | PLAINTIFF |
| | § | |
| v. | § | CIVIL NO.: 1:13cv356-HSO-RHW |
| | § | |
| JACKSON COUNTY, | § | |
| MISSISSIPPI, *et al.* | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT JACKSON COUNTY, MISSISSIPPI'S,
[68] MOTION TO DISMISS CERTAIN CLAIMS**

BEFORE THE COURT is the Motion to Dismiss Certain Claims [68] filed by Defendant Jackson County, Mississippi.  This Motion is fully briefed.  After due consideration of the Motion, the related pleadings, the record, and relevant legal authority, the Court finds that the Motion to Dismiss [68] should be granted.  Any claims asserted by Plaintiff against Jackson County under the First and Fifth Amendments to the United States Constitution; for punitive damages; for civil conspiracy and neglect under 42 U.S.C. §§ 1985 and 1986; for abuse of process and malicious prosecution under federal law; for respondeat superior under federal law; and under state law, should be dismissed with prejudice.  Plaintiff's claims pursuant to 42 U.S.C. § 1983 for (1) unreasonable search, and (2) unreasonable seizure and false arrest, shall proceed against Jackson County.

I.  BACKGROUND

On or about March 8, 2011, Defendant Hope Thornton ("Thornton") allegedly received information through the Child Protection System and/or the Internet Crimes Against Children ("ICAC") Task Force that a particular Internet Protocol address ("IP address") located in Jackson County, Mississippi, had downloaded child pornography.  Compl. [1] at 5.  Thornton obtained information from the internet-service provider, Cable One, that the subject IP address was being used by Plaintiff Ronald Tuskan ("Plaintiff") at his residence.  According to Plaintiff, Thornton and other unidentified officers went to Plaintiff's place of employment and informed his supervisors that "he was being investigated for having child pornography on his home computer and would be arrested and charged with child pornography."  *Id.*

Plaintiff alleges that Thornton and the officers took him into custody and transported him to his home, where he voluntarily allowed Thornton to have access to his computer to perform a search of its contents.  *Id.*  The officers did a preliminary manual scan of Plaintiff's computer and found no child pornography, but determined that Plaintiff had an open wireless internet connection.  *Id.* at 6.  "After the Defendants detained Plaintiff and searched his computer, the Defendants finally stopped the investigation after there was no evidence that he ever possessed child pornography."  *Id.*

Plaintiff filed suit against Defendants Jackson County, Mississippi, former Sheriff Mike Byrd ("Byrd"), Thornton, and Travelers Casualty and Surety Company

of America[1] on September 11, 2013. Compl. [1] at 1. Plaintiff advances claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988. *Id.* at 11-18.

The Complaint alleges that Defendants violated Plaintiff's right to be free from false arrest as provided by the Fourth and Fourteenth Amendments to the United States Constitution, his right to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments, and his right not to be deprived of liberty without due process of law as guaranteed by the Fifth and Fourteenth Amendments.[2] *Id.* at 11-12, 17. Plaintiff appears to advance a claim for abuse of process under both federal and state law; a claim for "violation of civil rights" on grounds that Defendants also violated Plaintiff's right to free speech and to be free from unreasonable seizure, kidnapping, false imprisonment, and his right to due process of law, as secured by the First, Fourth, and Fourteenth Amendments;

---

[1] The claims asserted in the Complaint [1] against Defendant Travelers Casualty and Surety Company of America are based upon a bond it issued to former Defendant Mike Byrd. Compl. [1] at 11, 19. The Court has stayed this civil action as to Travelers. Order [19] at 1-2.

[2] Plaintiff's § 1983 claim for deprivation of liberty without due process of law essentially duplicates his claims for unreasonable search and seizure. The textual source of the relevant constitutional protection from which Plaintiff's claims arise must be the guide for analyzing them. *See Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814 (5th Cir. 2010). Because Plaintiff's due process claim arises from his alleged false arrest and/or the purported illegal search of his computer, these claims are best analyzed under the Fourth Amendment. *See id.*; *see also Albright v. Oliver*, 510 U.S. 266, 273 (1993) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.") (quotation omitted); *Blackwell v. Barton*, 34 F.3d 298, 302 (5th Cir. 1994) (claim for illegal arrest based on mistaken identity is best analyzed under the Fourth Amendment, rather than a more generalized notion of substantive due process). In light of this authority, the Court will not consider deprivation of liberty without due process of law as a separate claim in this case, but as part of Plaintiff's claims for false arrest and illegal search.

and a claim for "conspiracy and neglect" under federal law. *Id.* at 13-16, 17-18. Plaintiff further asserts Defendants violated his right to remain silent provided by the Fifth Amendment. *Id.* at 17. As to Jackson County, Plaintiff seems to raise a claim under the Mississippi Tort Claims Act, Mississippi Code Annotated §§ 11-46-1 to -23 ("MTCA"), and a claim for § 1983 liability based on a theory of respondeat superior. *Id.* at 19-20.[3]

## II. DISCUSSION

A.  Legal Standard

To survive a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering a Rule 12(b)(6) motion, a court must accept all well-pleaded facts as true and view those facts in the light most favorable to plaintiff. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015). Mere labels

---

[3] Plaintiff sued Defendants Byrd and Thornton, both individually and in their official capacities, as members of the Jackson County Sheriff's Department. Compl. [1] at 2. On July 29, 2014, the Court dismissed Plaintiff's claims against Byrd and Thornton in their official capacities. Order [53] at 4. On September 25, 2015, the Court dismissed Plaintiff's individual capacity claims against Byrd and Thornton. Order [67] at 19. Byrd and Thornton are no longer parties to this case.

and conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (quoting *Iqbal*, 556 U.S. at 678) (alteration in original).

B.  Plaintiff Concedes Certain Claims Should be Dismissed

In his Response to the Motion to Dismiss, Plaintiff concedes that his claims against Jackson County under the First and Fifth Amendments and for punitive damages should be dismissed. Resp. [69] at 3-4, 6. Plaintiff also represents that he "has not made any claim in his Complaint for any state law claims in the above referenced matter." *Id.* at 8. In light of these concessions, the Court will dismiss these claims.

C.  Plaintiff's Federal Abuse of Process and Malicious Prosecution Claims

Jackson County argues that Plaintiff's federal claims against it for abuse of process and malicious prosecution should be dismissed. Mot. to Dismiss [68] at 4-5. Plaintiff appears to acknowledge that the Fifth Circuit has rejected any free-standing claim for abuse of process under § 1983. Resp. [69] at 4 (citing *Cevallos v. Silva*, 541 F. App'x 390, 394 (5th Cir. 2013)). Plaintiff asserts however that he "has not alleged a stand alone claim for abuse of process, but one that accrued in conjunction with a violation of his rights against an unreasonable search and seizure, his rights against false arrest and other rights that were alleged to be violated in the Complaint." *Id.* Plaintiff maintains that he "has stated a cause of

action for prosecution without probable cause and claims related to the prosecution, such as the false arrest, detention, and illegal search and seizure of his home and computer." *Id.* at 6 (citing *Castellano v. Fragozo*, 352 F.3d 939, 955, 957 (5th Cir. 2003)).

No clearly established, freestanding federal constitutional right to be free from abuse of process exists under Fifth Circuit precedent. *See, e.g., Cevallos*, 541 F. App'x at 394 (The Fifth Circuit "has rejected a freestanding right to be free from . . . abuse of process.") (citing *Sisk v. Levings*, 868 F.2d 159, 161-62 (5th Cir. 1989)). Plaintiff's § 1983 abuse of process claim against Jackson County will be dismissed.

As for Plaintiff's § 1983 malicious prosecution claim, *Castellano* and subsequent Fifth Circuit cases establish that the Constitution does not include a freestanding right to be free from malicious prosecution. *See, e.g., Deville v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009); *Castellano*, 352 F.3d at 945; *see also Bloss v. Moore*, 269 F. App'x 446, 448 (5th Cir. 2008) (The Fifth Circuit "no longer recognizes a freestanding § 1983 claim for malicious prosecution.") (citing *Castellano*, 352 F.3d at 945).

> Instead, it must be shown that the officials violated specific constitutional rights in connection with a "malicious prosecution." For example, "the initiation of criminal charges without probable cause may set in force events that run afoul of the . . . Fourth Amendment if the accused is seized and arrested . . . or other constitutionally secured rights if a case is further pursued." However, these "are not claims for malicious prosecution."

*Deville*, 567 F.3d at 169 (quoting *Castellano*, 352 F.3d at 953-54). Thus, a plaintiff's claim under § 1983 for "malicious prosecution" is not independently cognizable, and a defendant is entitled to summary judgment on such a claim. *Id.* at 169-70. Plaintiff's § 1983 claim for malicious prosecution against Jackson County will be dismissed.

D.  Plaintiff's Respondeat Superior Claim

Jackson County seeks dismissal of the respondeat superior or vicarious liability claim asserted against it on grounds that § 1983 does not create supervisory or respondeat superior liability. Mot. to Dismiss [68] at 6-7 (citing *Stern v. Hinds Cty., Miss.*, 436 F. App'x 381, 382 (5th Cir. 2011); *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 167 (5th Cir. 2010); *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987)). Plaintiff recognizes that "the Fifth Circuit [has] stated the doctrine of *respondeat superior* is not cognizable in § 1983 actions . . . ." Resp. [69] at 6. However, Plaintiff argues that the Fifth Circuit "does recognize the ability for a person to recover against a city for violation of an individual's constitutional rights under § 1983." *Id.* (citing *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290-92 (5th Cir. 2009)).[4]

While under certain circumstances a county may be liable to a plaintiff under § 1983, "claims against local governments premised on a theory of *respondeat*

---

[4] The *Sanders-Burns* opinion cited by Plaintiff has been withdrawn by the Fifth Circuit and superseded by *Sanders-Burns v. City of Plano*, 594 F.3d 366, 369 (5th Cir. 2010) ("The opinion previously filed in this case, and reported at 578 F.3d 279, is withdrawn and the following is substituted therefor.").

*superior* liability are not cognizable under § 1983." *Hinojosa v. Livingston*, 807 F.3d 657, 668 (5th Cir. 2015) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978)). "In other words, a plaintiff cannot prevail on a theory of *respondeat superior*." *Mason v. Lafayette City-Parish Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015) (citing *Monell*, 436 U.S. at 691). Plaintiff's respondeat superior claim against Jackson County will be dismissed.

E.   "Conspiracy and Neglect" Claim

Jackson County argues that Plaintiff's "conspiracy and neglect" claim pursuant to 42 U.S.C. §§ 1985 and 1986 should be dismissed. Mot. to Dismiss [68] at 7-8. Jackson County maintains that it "is considered a municipality 'incapable of entering into a conspiracy[.]" *Id.* at 7 (quoting *Hudson v. Jones Cty.*, No. 2:10cv147KS-MTP, 2011 WL 4625428, at *7 (S.D. Miss. Oct. 3, 2011)). Jackson County also argues that the intracorporate conspiracy doctrine bars a conspiracy claim in this case because it and its employees are considered to be a single legal entity incapable of conspiring with itself for purposes of 42 U.S.C. § 1985. *Id.* at 7-8 (citing *Hudson*, 2011 WL 4625428, at *8). Moreover, "Plaintiff has not alleged that anyone attempted to deprive him of his rights due to his membership in a protected class, or even that he is a member of a protected class," such that the § 1985 claim fails for this reason as well. *Id.* at 8 (citing *Hudson*, 2011 WL 4625428, at *8). Because an essential element of a § 1986 claim is a § 1985 conspiracy, Jackson County maintains that the § 1986 claim should likewise be dismissed. *Id.*

Plaintiff argues that he "has alleged acts that Byrd and Thornton entered into an agreement amount [sic] themselves to engage in unlawful conduct depriving the Plaintiff of his constitutional rights." Resp. [69] at 7-8.

The Fifth Circuit has held that

> [t]o state a claim under § 1985(3), a plaintiff must allege facts demonstrating (1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States.

*Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (citing *Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)). In addition, "a violation under § 1985 requires class-based, invidiously discriminatory animus behind the conspirator's action." *Moffett v. Bryan*, 751 F.3d 323, 326 (5th Cir. 2014) (quotation omitted).

A conspiracy under § 1985(3) must involve two or more persons. *Hilliard*, 30 F.3d at 653. The County and its officials, agents, and employees constitute a single legal entity which cannot conspire with itself for purposes of § 1985(3) under the intracorporate conspiracy doctrine. *See Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998); *Hilliard*, 30 F.3d at 653. Because Jackson County was incapable of conspiring with Byrd and Thornton for purposes of § 1985(3), this claim should be dismissed.[5]

---

[5] The individual Defendants' Motion for Summary Judgment [60] raised the same arguments about the intracorporate conspiracy doctrine and the lack of any allegation of class-based animus. *See* Mem. in Supp. of Mot. for Summ. J. [61] at 6-8. In response, "Plaintiff concede[d] the Defendants' argument on Count Eight of the Complaint filed herein and will concede that the claims raised in the Complaint alleging violations of the

Even if an exception to the intracorporate conspiracy doctrine applied in this case, Plaintiff's claim under § 1985(3) should be dismissed for failure to state a claim.  Plaintiff has failed to plead sufficient facts to plausibly demonstrate the existence of any sort of class-based discriminatory animus behind the alleged conspirators' actions.  "And because a valid § 1985 claim is a prerequisite to a § 1986 claim, that claim is also invalid." *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000) (citation omitted).

### III.  CONCLUSION

The Court concludes that Jackson County's Motion to Dismiss Certain Claims should be granted.  Any claims asserted by Plaintiff against Jackson County under the First and Fifth Amendments to the United States Constitution; for punitive damages; for civil conspiracy and neglect under 42 U.S.C. §§ 1985 and 1986; for abuse of process and malicious prosecution under federal law; for respondeat superior under federal law; and under state law, should be dismissed with prejudice.  Plaintiff's claims pursuant to 42 U.S.C. § 1983 for (1) unreasonable search, and (2) unreasonable seizure and false arrest, shall proceed against Jackson County.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss Certain Claims [68] filed by Defendant Jackson County, Mississippi, is **GRANTED**.

---

Civil Rights Act of 1966, as amended, 42 U.S.C. §1985 and §1986 by civil conspiracy and neglect should be dismissed against these Defendants."  Mem. in Supp. of Resp. [65] at 6.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that any claims asserted by Plaintiff Ronald Tuskan against Defendant Jackson County, Mississippi, under the First and Fifth Amendments to the United States Constitution; for punitive damages; for civil conspiracy and neglect under 42 U.S.C. §§ 1985 and 1986; for abuse of process and malicious prosecution under federal law; for respondeat superior under federal law; and under state law, are **DISMISSED WITH PREJUDICE**.  Plaintiff's claims under 42 U.S.C. § 1983 for (1) unreasonable search, and (2) unreasonable seizure and false arrest, shall proceed against Jackson County.

**SO ORDERED AND ADJUDGED**, this the 12th day of May, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE