**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**RONALD TUSKAN**                                                          **PLAINTIFF**

**v.**                                                          **Civil No. 1:13cv356-HSO-RHW**

**JACKSON COUNTY,
MISSISSIPPI, *et al.***                                                          **DEFENDANTS**

**ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT
TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA AND FICTITIOUS DEFENDANTS JOHN OR JANE
DOES 1 - 10 WITHOUT PREJUDICE**

This matter is before the Court sua sponte to consider dismissal without prejudice of Plaintiff Ronald Tuskan's ("Plaintiff's") claims against Defendant Travelers Casualty and Surety Company of America ("Travelers") and to consider dismissal of fictitious Defendants John or Jane Does 1-10. For the reasons that follow, Plaintiff's claims against Travelers and fictitious Defendants John or Jane Does 1-10 will be dismissed without prejudice.

Plaintiff's original Complaint named as Defendants Jackson County, Mississippi; Sheriff Mike Byrd ("Byrd"), individually and in his official capacity as Sheriff of Jackson County; Hope Thornton, individually and in her official capacity as Detective in the Jackson County Sheriff's Department; Travelers; and John or Jane Does 1 - 10. Compl. [1] at 1.

Plaintiff's claims against Travelers arise solely from its apparent status as surety on a bond issued to Byrd. *See* Order [19] at 1-2. On January 13, 2014, Magistrate Judge Robert H. Walker entered an Order [19] staying this litigation as to Travelers pending adjudication of the liability of Byrd. Order [19] at 1-2. Also,

Plaintiff has not moved this Court for substitution of a fictitious Defendant with a named defendant.

On July 29, 2014, Plaintiff's official capacity claims against Defendant Byrd were dismissed with prejudice by the Court. Order [53] at 4. Then, on September 25, 2015, the Court granted Byrd's Motion [60] for Summary Judgment Based on Qualified Immunity, and dismissed with prejudice all remaining claims against Byrd, and dismissed Byrd as a party to this matter. Mem. Op. and Order [67] at 18-19.

In light of the fact that is Byrd no longer a Defendant in this case and that Plaintiff has not moved to replace a fictitious Defendant with a named defendant, on May 17, 2016, the Court entered an Order to Show Cause [97]. The Order directed that any party who objected to the dismissal without prejudice of Plaintiff's claims against Travelers or the dismissal of fictitious Defendants John or Jane Does 1-10, should file a written response by Friday, May 27, 2016, showing cause why said claims or parties should not be dismissed. The Court warned that "[i]f no response is filed, or if good cause is not otherwise shown, the Court will dismiss Plaintiff's claims against Travelers without prejudice, and dismiss fictitious Defendants John or Jane Does 1-10, without further notice to the parties." Order [97] at 2-3. No party has responded to the Order or otherwise shown good cause why Plaintiff's claims against Travelers should not be dismissed without prejudice and fictitious Defendants John or Jane Does 1-10 should not be dismissed. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's claims against Travelers Casualty and Surety Company of America are **DISMISSED WITHOUT PREJUDICE** and fictitious Defendants John or Jane Does 1-10 are hereby **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 2nd day of June, 2016.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE